1  LYNN M. DEAN, Cal. Bar No. 205562
   Email:  deanl@sec.gov
2  BRENT W. WILNER, Cal. Bar No. 230093
   Email:  wilnerb@sec.gov
3
4  Attorneys for Plaintiff
   Securities and Exchange Commission
   Michele Wein Layne, Regional Director
5  C. Dabney O'Riordan, Associate Regional Director
   John W. Berry, Regional Trial Counsel
6  444 S. Flower Street, Suite 900
   Los Angeles, California 90071
7  Telephone:   (323) 965-3998
   Facsimile:   (213) 443-1904

cc:  FISCAL

8

9                    **UNITED STATES DISTRICT COURT**

10                  **CENTRAL DISTRICT OF CALIFORNIA**

11

12

13  SECURITIES AND EXCHANGE
    COMMISSION,

Case No. 5:15-cv-01792-VAP-KK

14
                  Plaintiff,

**FINAL JUDGMENT AS TO PAUL
MATA**

15

16            vs.

17  PAUL MATA, DAVID KAYATTA,
    MARIO PINCHEIRA, SECURED
18  CAPITAL INVESTMENTS, LLC,
    LOGOS REAL ESTATE HOLDINGS,
    LLC, LOGOS WEALTH ADVISORS,
19  INC., and LIFETIME ENTERPRISES,
    LLC (*dba* LOGOS LIFETIME
20  UNIVERSITY),

21            Defendants.

22

23

24

25

26

27

28

**FINAL JUDGMENT AS TO DEFENDANT PAUL MATA**

The Securities and Exchange Commission having filed a Complaint and Defendant Paul Ricky Mata ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment; and Defendant having admitted the facts set forth in the Consent to Entry of Final Judgment by Paul Mata and acknowledged that his conduct violated the federal securities laws:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

        (a)    to employ any device, scheme, or artifice to defraud;

        (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

        (c)    to engage in any act, practice, or course of business which operates or would  operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and

1    attorneys; and (b) other persons in active concert or participation with Defendant or

2    with anyone described in (a).

3                                                    II.

4           IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that

5    Defendant is permanently restrained and enjoined from violating Section 17(a) of the

6    Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale

7    of any security by the use of any means or instruments of transportation or

8    communication in interstate commerce or by use of the mails, directly or indirectly:

9                  (a)    to employ any device, scheme, or artifice to defraud;

10                 (b)    to obtain money or property by means of any untrue statement of a

11          material fact or any omission of a material fact necessary in order to make the

12          statements made, in light of the circumstances under which they were made,

13          not misleading; or

14                 (c)    to engage in any transaction, practice, or course of business which

15          operates or would operate as a fraud or deceit upon the purchaser.

16          IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as

17   provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also

18   binds the following who receive actual notice of this Final Judgment by personal

19   service or otherwise:  (a) Defendant's officers, agents, servants, employees, and

20   attorneys; and (b) other persons in active concert or participation with Defendant or

21   with anyone described in (a).

22                                                   III.

23          IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that

24   Defendant is permanently restrained and enjoined from violating Section 5 of the

25   Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any

26   applicable exemption:

27          (a)    Unless a registration statement is in effect as to a security, making use of

28                 any means or instruments of transportation or communication in

                                                    2

1    interstate commerce or of the mails to sell such security through the use

2    or medium of any prospectus or otherwise;

3    (b)    Unless a registration statement is in effect as to a security, carrying or

4    causing to be carried through the mails or in interstate commerce, by any

5    means or instruments of transportation, any such security for the purpose

6    of sale or for delivery after sale; or

7    (c)    Making use of any means or instruments of transportation or

8    communication in interstate commerce or of the mails to offer to sell or

9    offer to buy through the use or medium of any prospectus or otherwise

10    any security, unless a registration statement has been filed with the

11    Commission as to such security, or while the registration statement is the

12    subject of a refusal order or stop order or (prior to the effective date of

13    the registration statement) any public proceeding or examination under

14    Section 8 of the Securities Act [15 U.S.C. § 77h].

15    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as

16    provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also

17    binds the following who receive actual notice of this Final Judgment by personal

18    service or otherwise:  (a) Defendant's officers, agents, servants, employees, and

19    attorneys; and (b) other persons in active concert or participation with Defendant or

20    with anyone described in (a).

21                                        IV.

22    IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that

23    Defendant is permanently restrained and enjoined from violating Section 206 of the

24    Investment Advisers Act of 1940 [15 U.S.C. §§ 80b-6], by the use of mails or means

25    or instrumentalities of interstate commerce, directly or indirectly,:

26    A.    to employ devices, schemes and artifices to defraud clients or

27    prospective clients; or

28

3

1        B.      to engage in transactions, practices, and courses of business which

2                operate as a fraud or deceit upon clients or prospective clients.

3        IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as

4  provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also

5  binds the following who receive actual notice of this Final Judgment by personal

6  service or otherwise:  (a) Defendant's officers, agents, servants, employees, and

7  attorneys; and (b) other persons in active concert or participation with Defendant or

8  with anyone described in (a).

9                                    V.

10        IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that

11  Defendant is permanently restrained and enjoined from soliciting, accepting, or

12  depositing any monies from actual or prospective investors in connection with any

13  offering of securities; provided, however, that such injunction shall not prevent

14  Defendant from purchasing or selling securities listed on a national securities

15  exchange for his own personal account.

16        IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as

17  provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also

18  binds the following who receive actual notice of this Final Judgment by personal

19  service or otherwise:  (a) Defendant's officers, agents, servants, employees, and

20  attorneys; and (b) other persons in active concert or participation with Defendant or

21  with anyone described in (a).

22                                   VI.

23        IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that

24  Defendant is liable for disgorgement of $11,603,590.80, representing profits gained

25  as a result of the conduct alleged in the Complaint, together with prejudgment interest

26  thereon in the amount of $145,240.58.  Defendant shall satisfy this obligation by

27  paying $11,748,831.40 to the Securities and Exchange Commission within 14 days

28  after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

           Enterprise Services Center
           Accounts Receivable Branch
           6500 South MacArthur Boulevard
           Oklahoma City, OK 73169

 and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Paul Mata as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.  The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment.  Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a civil penalty in the amount of $4,000,000 to the Securities and Exchange Commission pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d); Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3); and Section 209(e) of

1  the Advisers Act, 15 U.S.C. §80b-9(e).  Defendant shall make this payment within 14

2  days after entry of this Final Judgment.

3        Defendant may transmit payment electronically to the Commission, which will

4  provide detailed ACH transfer/Fedwire instructions upon request.   Payment may also

5  be made directly from a bank account via Pay.gov through the SEC website at

6  http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified

7  check, bank cashier's check, or United States postal money order payable to the

8  Securities and Exchange Commission, which shall be delivered or mailed to

9

10          Enterprise Services Center
        Accounts Receivable Branch
        6500 South MacArthur Boulevard

11          Oklahoma City, OK 73169

12  and shall be accompanied by a letter identifying the case title, civil action number,

13  and name of this Court; Paul Mata as a defendant in this action; and specifying that

14  payment is made pursuant to this Final Judgment.

15        Defendant shall simultaneously transmit photocopies of evidence of payment

16  and case identifying information to the Commission's counsel in this action.  By

17  making this payment, Defendant relinquishes all legal and equitable right, title, and

18  interest in such funds and no part of the funds shall be returned to Defendant.  The

19  Commission shall send the funds paid pursuant to this Final Judgment to the United

20  States Treasury. Defendant shall pay post-judgment interest on any delinquent

21  amounts pursuant to 28 USC § 1961.

22                             VIII.

23        IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, for

24  purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code,

25  11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant,

26  and further, any debt for disgorgement, prejudgment interest, civil penalty or other

27  amounts due by Defendant under this Final Judgment or any other judgment, order,

28  consent order, decree or settlement agreement entered in connection with this

1   proceeding, is a debt for the violation by Defendant of the federal securities laws or

2   any regulation or order issued under such laws, as set forth in Section 523(a)(19) of

3   the Bankruptcy Code, 11 U.S.C. §523(a)(19).

4                                              IX.

5         IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court

6   shall retain jurisdiction of this matter for the purposes of enforcing the terms of this

7   Final Judgment.

8                                              X.

9         There being no just reason for delay, pursuant to Rule 54(b) of the Federal

10  Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith

11  and without further notice.

12

13  Dated:  June 17, 2016,                     _____

14                                             UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28